Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| LUIS D. SAMBOLIN ROBLES | | REVISION ADMINISTRATIVA procedente de la División de Remedios Administrativos |
|---|---|---|
| Recurrente | TA2025RA00143 | |
| v. | | Querella núm.: PA-285-25 |
| DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN | | |
| Recurrida | | |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de agosto de 2025.

Comparece ante este foro apelativo, el Sr. Luis D. Sambolín Robles (señor Sambolín Robles o recurrente), por derecho propio e *in forma pauperis*,[1] mediante el recurso de epígrafe solicitándonos la revisión del dictamen emitido por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (la División o parte recurrida) el 18 de junio de 2025.

Por los fundamentos que exponemos a continuación, confirmamos la determinación recurrida.

**I.**

El señor Sambolín Robles se encuentra confinado en la Institución carcelaria Ponce 1000. Este nos expresa en el escrito intitulado *Certiorari*, el cual lo acogemos como uno de *Revisión Judicial*, que solicitó ante la División de Remedios Administrativos que evaluara su expediente y se le concediera **bonificación por los años que participó del programa de estudio y trabajo institucional**. Dicha petición se realizó el 16 de junio de 2025 y se

---

[1] Declaramos *Ha Lugar* la litigación *in forma pauperis*.

recibió por el ente recurrido el 18 de junio siguiente (número de código PA-285-25). En la referida solicitud, el recurrente arguyó que tenía derecho a bonificar, tras unas supuestas enmiendas del 31 de enero de 2023 introducidas mediante la Ley núm. 137- 2004, a la derogada *Ley de Armas*.[2]

Ese mismo día, 18 de junio, el señor Sambolín Robles recibió respuesta en la que se determinó como sigue:

> SEGÚN EL REGLAMENTO PARA ATENDER LAS SOLICITUDES DE REMEDIOS [ADMINISTRATIVOS] RADICADAS POR LOS MIEMBROS DE LA POBLACION CORRECCIONAL #8583 DEL 4 DE MAYO DE 2015 SE DESESTIMA SU SOLICITUD DE REMEDIO RADICADA CONFORME A:
>
> REGLA XII, 5 - EL EVALUADOR TIENE LA FACULTAD PARA DESESTIMAR LAS SIGUIENTES SOLICITUDES: b. SOLICITUD DE REMEDIO SIN HABERSE GESTIONADO LA SOLUCION DEL PROBLEMA PLANTEADO CON EL SUPERINTENDENTE DE LA INSTITUCION, ENCARGADO DEL HOGAR DE ADAPTACION SOCIAL, COORDINADOR DEL CENTRO DE TRATAMIENTO O CON EL AREA CONCERNIENTE.
>
> **\*DE SU SOLICITUD DE REMEDIO NO SE DESPRENDE DE GESTION REALIZADA, EN PRIMER LUGAR, CON EL AREA CONCERNIDA A SU PLANTEAMIENTO.**[3] [Énfasis nuestro]

Inconforme con dicha determinación, el 27 de junio de 2025, el recurrente presentó una reconsideración. En la misma argumentó que no estaba de acuerdo con la determinación, por no ser respondida por la Técnica Socio Penal, Sra. Yadira Rodas Ruíz, a quién dirigió la solicitud.

El 18 de julio, la División emitió la *Respuesta de Reconsideración,* denegando la referida reconsideración.[4]

Todavía insatisfecho, el recurrente acude ante esta *Curia* mediante el escueto recurso de epígrafe. De la lectura minuciosa del escrito señalamos que, aunque no se formuló propiamente un señalamiento de error, podemos inferir que el recurrente entiende

---

[2] Advertimos que del análisis de este asunto no encontramos que lo especificado fue correcto en derecho.

[3] Véase, el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a la Entrada núm. 2, Apéndice del Recurso, *"Determinación Recurrida"*.

[4] *Íd.*, a la Entrada núm. 4, Apéndice del Recurso, *"Apéndice 2"*.

que erró la División al no concederle la bonificación a la que cree es acreedor por los alegados cambios en el derecho.

Examinado el recurso y el expediente apelativo, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento según enmendado. *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

## II.

**Revisión judicial de las decisiones administrativas**

La revisión judicial de las decisiones administrativas tiene como fin primordial limitar la discreción de las agencias y asegurarse que estas desempeñen sus funciones conforme a la ley. *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 891-892 (2008). En el ámbito administrativo, los tribunales apelativos deben conceder una gran deferencia a las decisiones emitidas por las agencias debido a la vasta experiencia y conocimiento especializado en los asuntos que les han sido encomendados. *Buxó Santiago v. ELA et. als.*, 2024 TSPR 130, 215 DPR ___ (2024). *Asoc. Fcias. v. Caribe Specialty et al. II.*, 179 DPR 923, 940 (2010).[5]

No obstante, esta deferencia reconocida a las decisiones de las agencias administrativas habrá de ceder cuando: (1) la misma no esté basada en evidencia sustancial; (2) la agencia erró en la aplicación o interpretación de las leyes y el reglamento; (3) su actuación resulte ser una arbitraria, irrazonable o ilegal, o (4) la actuación administrativa lesiona derechos constitucionales fundamentales. *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, 213 DPR 743, 744-745 (2024). Por consiguiente, la revisión judicial de una decisión administrativa se circunscribe a analizar: (1) si el remedio

---

[5] Véanse, también, *Martínez v. Rosado*, 165 DPR 582, 589, (2005); *Otero v. Toyota*, 163 DPR 716, 727 (2003); *Transp. Sonell v. Jta. Subastas ACT*, 2024 TSPR 82, 214 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank*, 2024 TSPR 70, 214 DPR ___ (2024).

concedido fue razonable; (2) si las determinaciones están sostenidas con evidencia sustancial; y (3) si erró la agencia al aplicar la ley. *Asoc. Fcias. v. Caribe Specialty et al. II, supra*, a la pág. 940.

En este ejercicio, nuestro más alto foro ha sido enfático en que las determinaciones de hechos de organismos y agencias públicas tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca suficiente evidencia para derrotarla. *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006). No obstante, esta deferencia no constituye una renuncia a la función revisora de los tribunales. *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___, (2025).

En este sentido, las conclusiones de derecho son revisables en toda su extensión. Sección 4.5, Ley núm. 38-2017, *supra*. Pues, como corolario de esto, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos, según resuelto por nuestro más alto foro. *Vázquez v. Consejo de Titulares*, supra. De manera que nuestra jurisprudencia eliminó la deferencia absoluta sobre las determinaciones de las agencias, estableciendo el deber de los tribunales a revisar las conclusiones de derecho en todos sus aspectos. *Íd.*

**Reglamento Interno de Bonificación por Buena Conducta, Trabajo, Estudio y Servicios Excepcionalmente Meritorios**

El *Reglamento Interno de* Bonificación *por Buena Conducta, Trabajo, Estudio y Servicios Excepcionalmente Meritorios* de 28 de octubre de 2020 (Reglamento) regula las bonificaciones por estudio y trabajo, entre otros, de conformidad con el Plan de Reorganización núm. 2-2011. El mismo define la bonificación como la rebaja del término de la sentencia de un miembro de la población correccional conforme al Plan núm. 2-2011. Artículo IV inciso (1). Además, dispone que **el Comité de Clasificación y Tratamiento (CCT) concederá las bonificaciones por trabajo o estudios** realizados

por el miembro de la población correccional (<u>Bonificación Adicional</u>); y que el Secretario del Departamento de Corrección o su representante puede conceder bonificaciones por "labores excepcionalmente meritorias en el desempeño de deberes de suma importancia en relación con funciones institucionales" (<u>Bonificación Extraordinaria</u>). Artículo IV, incisos 2 y 3 del Reglamento. El *Ciclo de Bonificación* es la frecuencia con la cual se evaluará el caso ante el Comité de Clasificación y Tratamiento para conceder bonificación adicional por estudio, trabajo y servicio, o solicitarle bonificación extraordinaria. Artículo IV, inciso (6).

En lo aquí pertinente, el Artículo VIII establece los abonos adicionales y dispone que el Secretario de Corrección y Rehabilitación o su representante, podrá conceder abonos por trabajos, estudios o servicios. Sin embargo, **establece en su Artículo XV que será el Comité de Clasificación y Tratamiento el responsable de evaluar y conceder las bonificaciones adicionales. Es decir, las bonificaciones de Estudio y Trabajo según definidas en el propio Reglamento.**

Por su parte reseñamos que, en *Vargas Serrano v. Inst. Correccional,* 198 DPR 230 (2017), el Tribunal Supremo había decretado que la División de Remedios es el organismo con jurisdicción para atender un reclamo de bonificación por buena conducta y asiduidad. **Mientras, la bonificación por estudio y trabajo le corresponde al Comité de Clasificación y Tratamiento evaluar y concederlas.**

### III.

En esencia, nos corresponde analizar si la División erró al desestimar el reclamo del recurrente al determinar que tenía que presentarse la solicitud a otro ente administrativo interno de la agencia.

Surge de la *Solicitud de Remedio Administrativo* instado por el recurrente, que este solicitó a la División la evaluación y aplicación de las **bonificaciones adicionales por estudio y trabajo**. Nuestro Tribunal Supremo expresó que se tiende a confundir las bonificaciones por buena conducta y asiduidad con las bonificaciones por estudio y trabajo (bonificación adicional). *Vargas Serrano v. Inst. Correccional*, supra, a la pág. 251. No obstante, allí aclaró, como indicamos, que la División de Remedios es el organismo con jurisdicción para atender un reclamo de bonificación por buena conducta y asiduidad. **A su vez, dictaminó que la bonificación por estudio y trabajo le corresponde al Comité de Clasificación y Tratamiento evaluar y concederlas.** *Íd.*

Por tanto, precisa reseñar que las disposiciones reglamentarias citadas; así como la antedicha doctrina jurisprudencial, establecen claramente la separación de autoridad y funciones específicas entre dos organismos internos del Departamento de Corrección, respecto al tipo de bonificación que puede evaluar y conceder cada uno.

Así pues, resulta forzoso apuntalar que la bonificación por buena conducta y asiduidad deben solicitarse a la División de Remedios Administrativos, mientras que las bonificaciones por estudio y trabajo serán evaluadas y concedidas -o denegadas- por el Comité de Clasificación y Tratamiento. Artículos IV y XV del Reglamento; *Vargas Serrano v. Inst. Correccional,* supra.

En conclusión, resolvemos que la División emitió una determinación correcta en derecho acorde con la reglamentación y normativa aplicables. Por lo que, no incurrió en el error imputado.

Por último, advertimos que con este dictamen no entramos a dirimir en los méritos si el recurrente tiene o no derecho a bonificación. Lo que diáfanamente resolvemos es que le corresponde

solicitar dicho privilegio al área concernida, conforme concluyó la División.

**IV.**

Por los fundamentos antes expuestos, determinamos confirmar la determinación recurrida.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones